**The STATE of Ohio, Appellee,**

v.

**OTT, Appellant.**

[Cite as *State v. Ott* (1999), 133 Ohio App.3d 532.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 98CA0032.

Decided March 31, 1999.

*Marie L. Moore,* Wayne County Assistant Prosecuting Attorney, for appellee.
*Paul Mancino, Jr.,* for appellant.

---

SLABY, Judge.

Defendant-appellant, Daniel C. Ott, appeals from his conviction and sentence by the Wayne County Municipal Court for driving under the influence of alcohol, improperly changing lanes, and failing to wear a seat belt. We reverse.

The city of Orrville filed complaints against defendant for driving under the influence in violation of R.C. 4511.19(A)(1), for improperly changing lanes in violation of R.C. 4511.33, and for failing to wear a seat belt in violation of R.C. 4513.263(B)(1). After a jury trial, defendant was found guilty of each offense. On March 20, 1998, the trial court imposed a one-year jail sentence, a ten-year license suspension, and a $1,000 fine upon defendant.

Defendant submitted to a breath test at the time of his arrest. The test indicated that defendant possessed a .098 percent concentration of alcohol in his breath. During defendant's trial, the trial court refused to admit the results of this test into evidence.

Defendant timely appeals and raises five assignments of error.

## Assignment of Error I

"Defendant was denied due process of law and his constitutional right to present a defense when the court ruled that defendant could not offer evidence to the jury concerning breath tests given to defendant which produced a reading below the presumptive level of .10."

Defendant contends that the trial court erred by not allowing him to enter the results of his breath test into evidence. We agree.

The prosecution filed a motion *in limine* to exclude the results of defendant's breath test on the basis that, pursuant to Evid.R. 402, such evidence would not be relevant for a charge under R.C. 4511.19(A)(1). Over defendant's objections, the trial court granted the motion *in limine* and prevented any testimony regarding this test to be entered into evidence during the trial.

Trial courts possess discretion when determining whether to admit or to exclude evidence, and such determinations should not be disturbed by a reviewing court unless a clear abuse of discretion has occurred and the appellant has been materially prejudiced by the admission or exclusion. *State v. Hymore* (1967), 9 Ohio St.2d 122, 128, 38 O.O.2d 298, 302, 224 N.E.2d 126, 130. Evid.R. 402 provides that relevant evidence is generally admissible, while irrelevant evidence is inadmissible. Evidence is relevant where it has a tendency to make the existence of a fact more or less likely, and all relevant evidence is admissible in court unless excluded by an evidentiary rule. *In re Dukes* (1991), 81 Ohio App.3d 145, 152–153, 610 N.E.2d 513, 517–519.

R.C. 4511.19(D)(2) provides that evidence that an accused's breath-alcohol level is below a certain percentage may be considered with other competent evidence when determining the guilt or innocence of a defendant in a criminal prosecution for a violation of division (A) of R.C. 4511.19. Although the prosecution has claimed that defendant's breath test result is irrelevant because he was charged with violating R.C. 4511.19(A)(1), this distinction is not contemplated by R.C. 4511.19(D)(2).

In this case, defendant's breath-alcohol concentration of .098 percent may tend to make it more or less likely that a trier of fact would conclude that he had operated a vehicle while under the influence of alcohol. Accordingly, such evidence should not have been excluded as irrelevant. At trial, the prosecution submitted the following evidence to support the presence of guilt under R.C. 4511.19(A)(1): the failure of defendant to satisfactorily perform field sobriety and divided attention skills tests, the smell of alcohol on defendant and his vehicle, and observations of defendant driving erratically and at an excessive rate of speed. The results of defendant's breath test may have demonstrated an absence of guilt under R.C. 4511.19(A)(1). As a result, defendant was materially prejudiced by the exclusion.

Based on the foregoing, we find that the trial court abused its discretion by excluding defendant's breath-alcohol concentration test results as irrelevant. Defendant's first assignment of error is sustained.

## Assignment of Error II

"Defendant was denied his constitutional right to [p]resent a defense when the court granted the prosecution's motion *in limine* precluding defendant from offering relevant evidence concerning whether he was under the influence of alcohol."

### Assignment of Error III

"Defendant was denied due process of law when the court immediately sentenced defendant to the maximum term of imprisonment, a maximum fine and a maximum license suspension based upon bias and prejudice of the trial judge."

### Assignment of Error IV

"Defendant was denied a fair trial when the court allowed hearsay testimony concerning defendant's erratic driving in argument to the jury."

### Assignment of Error V

"Defendant was denied a fair trial by reason of improper cross-examination by the prosecutor."

Our disposition of defendant's first assignment of error renders his remaining assignments of error moot. Accordingly, we need not address them. See App.R. 12(A)(1)(c).

Defendant's first assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BAIRD, P.J., and CARR, J., concur.