DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court which found appellant, Mark S. Szulc, guilty of operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1). For the reasons stated herein, this court reverses the judgment of the trial court.
Appellant sets forth the following three assignments of error:
"ASSIGNMENT OF ERRORS
 "1. The Appellant was denied due process of law and his constitutional right to present a defense when the Court ruled that the Appellant could not offer into evidence the results of his breath test below the presumptive level of .10.
 "2. The Defendant was denied his constitutional right to present a defense when the Court granted the Appellees (sic) Motion in Limine precluding the Defendant from offering relevant evidence concerning whether he was under the influence of alcohol.
 "3. The Defendant was denied his constitutional right to present a defense when the Court granted the Appellees (sic) Motion in Limine, that Appellant could not offer into evidence that Appellant was taken to the station (sic) advised as to the consequences as to taking the breath test as well as the procedures involved in taking the breath test and that he understood the consequences and followed the procedures all as evidence of his sobriety."
The following facts are relevant to this appeal. On November 28, 1999, appellant was found by a state trooper slumped over the steering wheel of his automobile; the vehicle was running and its lights and radio were on. A state trooper testified that he pounded on the vehicle's window but there was no response from appellant until the state trooper yelled. When appellant rolled down the window, the state trooper testified that he noticed a strong odor of alcohol and administered certain field sobriety tests which appellant was unable to perform. Appellant was arrested and taken for a breathalyser test; the result was .085. Appellant was charged with violation of R.C. 4511.19 (A)(1).
Appellant successfully moved to suppress the results of the walk and turn field sobriety test but was unsuccessful in suppressing the results of the horizontal gaze nystagmus and the one-legged stand tests. The state filed a motion in limine to prevent the admission of the BAC results without expert testimony; appellant filed a memorandum in opposition. The trial court granted the state's motion.[1] Following a jury trial, appellant was found guilty of operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1). After sentencing, appellant filed a motion to stay sentence which was granted by the trial court and a timely notice of appeal.
Appellant's first and second assignments of error are interrelated and will be addressed together. Both assignments of error concern the admission of the BAC results without expert testimony when BAC results are below .10. This court finds merit in these assignments of error.
The admission or exclusion of evidence is generally left to the discretion of the trial court. State v. Maurer (1984), 15 Ohio St.3d 239,265. Such determinations should not be disturbed by a reviewing court unless a clear abuse of discretion has occurred and the appellant has been materially prejudiced by the admission or exclusion. State v.Hymore (1967), 9 Ohio St.2d 122, 128. Evidence that an accused's breath-alcohol level is below a certain percentage may be considered with other competent evidence when determining the guilt or innocence of a defendant in a criminal prosecution for a violation of R.C. 4511.19(A). See, R.C. 4511.19(D)(2).
The state relied on Newark v. Lucas (1988), 40 Ohio St.3d 100 and Statev. French (1995), 72 Ohio St.3d 446, in support of its argument. However, these cases are inapposite.
In Lucas, supra, the Ohio Supreme Court held that in R.C. 4511.19(A)(1) prosecutions, a chemical test administered after the R.C. 4511.19(D) two-hour time limit expired may be admitted into evidence if the pertinent foundational requirements are satisfied and if the test result is presented with expert testimony. In Lucas, supra, at paragraph two of the syllabus, the Ohio Supreme Court held:
 "2. In a criminal prosecution for violation of R.C. 4511.19(A)(1), or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the results of a properly administered bodily substances test presented with expert testimony may be admitted in evidence despite the fact that the bodily substance was withdrawn more than two hours from the time of the alleged violation."
The court found that evidence of chemical tests administered after the R.C. 4511.19(D) two-hour time limit could be introduced if: (1) the pertinent foundational requirements had been satisfied; and (2) the test result was presented with expert testimony "to relate the test results to the defendant and to the time of the alleged violation, as well as to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance * * * to the common understanding of what it is to be under the influence of alcohol." Id. at 105.
In State v. French (1995), 72 Ohio St.3d 446, paragraph two of the syllabus, the Ohio Supreme Court held:
 "2. When introducing a legally obtained breathalyser test result below .10 into evidence in prosecutions under R.C. 4511.19(A)(1), the state must present expert testimony to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance, as shown by the results of the chemical test, to the common understanding of what it is to be under the influence of alcohol. (Newark v. Lucas [1988], 40 Ohio St.3d 100, 532 N.E.2d 130, approved.) (Emphasis added.)"
Appellant relied on State v. Ott (1999), 133 Ohio App.3d 532 . InOtt, also a R.C. 4511.19(A)(1) prosecution, the defendant's breath-alcohol concentration was .098 percent; the trial court granted the prosecution's motion in limine to exclude this evidence. Id. at 533. On appeal, the Ninth Appellate District found that the evidence should not have been excluded and noted:
 "At trial, the prosecution submitted the following evidence to support the presence of guilt under R.C. 4511.19(A)(1): the failure of defendant to satisfactorily perform field sobriety and divided attention skills tests, the smell of alcohol on defendant and his vehicle, and observations of defendant driving erratically and at an excessive rate of speed. The results of defendant's breath test may have demonstrated an absence of guilt under R.C. 4511.19(A)(1). As a result, defendant was materially prejudiced by the exclusion." Id. at 534.
Based on the foregoing, this court finds that the trial court abused its discretion by granting the state's motion in limine.
Accordingly, appellant's first and second assignments of error are found well-taken.
This court's disposition of appellant's first and second assignments of error renders his remaining assignment of error moot. Accordingly, we need not address it. See App.R. 12(A)(1)(c).
On consideration whereof, the judgment of the Erie County Court is reversed. This case is remanded to the trial court for proceedings consistent with this opinion. It is ordered that appellee pay the court costs of this appeal.
James R. Sherck, J.
 Richard W. Knepper, P.J.
 George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retire, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] During trial, appellant proffered the evidence of the BAC results excluded when the trial court granted the state's motion in limine.