This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Abel Wharton, appeals his conviction in the Wayne County Municipal Court. We reverse and remand.
On March 19, 2000, Mr. Wharton was cited for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and driving left of center, in violation of R.C. 4511.29. After his arrest, Mr. Wharton submitted to a breath alcohol test; the results were .099 grams of alcohol per 210 liters of breath, which is under the statutory limit for breath alcohol concentration of .10 grams of alcohol per 210 liters of breath. See R.C. 4511.19(A)(3). Prior to trial, Mr. Wharton filed a motion in limine, seeking to exclude the results of the breath alcohol test. This motion was denied by the trial court.
On June 7, 2000, the charge of driving under the influence of alcohol was tried to a jury, while the charge of driving left of center was tried to the court. At trial, over Mr. Wharton's timely objection, the trial court admitted the results of the breath alcohol test, even though the prosecution did not present any expert testimony to explain the significance of the results. It appears that the prosecution attempted to retain an expert, but his schedule conflicted with the date of trial. In a verdict journalized on June 7, 2000, Mr. Wharton was found guilty of both driving under the influence and driving left of center. He was sentenced accordingly. This appeal followed.
Mr. Wharton asserts a single assignment of error:
 The Trial Court erred to the prejudice of the Defendant/Appellant, and abused its discretion, when the Trial Court allowed into evidence the results of a breath alcohol test of .099 grams of alcohol per 210 liters of breath without expert testimony.
 Mr. Wharton avers that the trial court abused its discretion in permitting the prosecution to introduce into evidence a breathalyzer test result below .10 in a prosecution under R.C. 4511.19(A)(1), without presenting expert testimony to explain the significance of the test results. We agree.
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Such determinations should not be disturbed unless the trial court abused its discretion. State v. Hymore
(1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates an arbitrary, unreasonable, or unconscionable attitude. State v. Carter (2000), 89 Ohio St.3d 593,605.
R.C. 4511.19(D)(2) provides that evidence that a defendant's breath alcohol content is below the statutory limit "may be considered with other competent evidence in determining the guilt or innocence of the defendant" in a criminal prosecution for a violation of R.C. 4511.19(A)(1). This court has held that such evidence is relevant because it tends to show whether the defendant was operating a vehicle while under the influence of alcohol. State v. Ott (1999), 133 Ohio App.3d 532, 534.[1]
Regarding the admissibility of such evidence, the Ohio Supreme Court has held that
 [w]hen introducing a legally obtained breathalyzer test result below .10 into evidence in prosecutions under R.C. 4511.19(A)(1), the state must present expert testimony to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance, as shown by the results of the chemical test, to the common understanding of what it is to be under the influence of alcohol.
 State v. French (1995), 72 Ohio St.3d 446, paragraph two of the syllabus.[2] Moreover, the Ohio Supreme Court has recognized that "without expert testimony, prejudice could result from a jury giving too much weight to the test result itself rather than focusing on the critical issue of the defendant's conduct." Id. at 452.
In the present case, over Mr. Wharton's timely objection, the trial court permitted the prosecution to introduce into evidence the results of Mr. Wharton's breathalyzer test without presenting any expert testimony to explain the significance of the test results. In view of the conflicting testimony adduced at trial, we conclude that the trial court committed reversible error in admitting the breath test results without expert testimony explaining its significance to the jury. Mr. Wharton's assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed, and the cause is remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J. CONCUR.
[1] Contrary to the state's assertion, State v. Ott (1999),133 Ohio App.3d 532, does not conflict with the Ohio Supreme Court's decision in State v. French (1995), 72 Ohio St.3d 446. In Ott,133 Ohio App.3d at 533, the defendant sought to introduce the results of his breath alcohol test, which indicated that he possessed a .098 concentration of alcohol in his breath. The state filed a motion in limine, arguing that the results of the test were inadmissible because they were not relevant to a charge under R.C. 4511.19(A)(1). Id. The trial court agreed and prevented the defendant from introducing the test results into evidence at trial. Id. This court reversed, finding that the test results were relevant because they tended to show whether the defendant was operating a vehicle while under the influence of alcohol. Id. at 534. Specifically, we found that "the trial court abused its discretion by excluding defendant's breath-alcohol concentration test results asirrelevant." (Emphasis added.) Id. In Ott, this court did not reach the issue discussed in French, namely whether the defendant needed to present expert testimony in order to make the evidence admissible, as that issue was not before the court.
[2] In French, the Ohio Supreme Court did not specifically reference former R.C. 4511.19(D) in reaching its decision. This fact, however, does not affect our analysis, as the former version of R.C. 4511.19(D), which was in effect at the time of French, has substantially similar language as the later enacted 1994 and current versions of R.C.4511.19(D)(2), in that they provide that evidence that a defendant's breath alcohol content is below the statutory limit may be considered along with other competent evidence in determining the guilt or innocence of the defendant in a criminal prosecution for a violation of R.C.4511.19(A)(1).