This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Thomas Sage has appealed his conviction for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). This Court affirms.
 I.
On July 21, 2000, Defendant was arrested for driving under the influence of alcohol. At the scene of his arrest, Defendant stated that he had just come from Melody's Lounge where he had consumed three "Jack and Cokes." Summit County Deputy Curt Destefano then conducted several field sobriety tests, which Defendant failed. The officer also observed that Defendant had a pale complexion, spoke in a leisurely tone of voice, had red eyes and a moderate odor of alcohol on his breath. Thereafter, Defendant was administered a breath-alcohol content (BAC) test which indicated that he possessed a .061 concentration of alcohol in his breath.
On the morning of trial, the State filed a motion in limine, seeking to have the results of Defendant's BAC test excluded. The trial court granted the motion, holding that the results were irrelevant and would be inadmissible without the benefit of expert testimony.
The matter then proceeded to trial. The State called only the arresting officer in its case-in-chief, and Defendant took the stand in his own defense. He testified that he suffered from diabetes and had not taken his insulin on the day he was arrested. On cross-examination, he specifically admitted to being under the influence of alcohol at the time of his arrest. Defendant never attempted to have the BAC test results entered into evidence. After deliberating, the jury found Defendant guilty, and the trial court sentenced him accordingly. Defendant timely appealed, asserting one assignment of error.
 II. Assignment of Error The trial court committed prejudicial error by granting the State'smotion in limine thereby preventing [Defendant] from introducing [BAC]test results.
In his sole assignment of error, Defendant has challenged the trial court's decision, prior to trial, to exclude the results of his BAC test. Specifically, he has argued that based upon State v. Ott (1999),133 Ohio App.3d 532 and State v. Szulc (Dec. 29, 2000), Erie App. No. E-00-021, unreported, 2000 Ohio App. LEXIS 6161, the trial court should have allowed the results to be admitted. He further claimed that the exclusion of the BAC test results constituted plain error and that he was denied the effective assistance of trial counsel.[1] This Court will address each point in turn.[2]
 A. Waiver
The grant of a motion in limine in favor of the State during a criminal proceeding only temporarily prohibits the defendant from making reference to or introducing evidence which is the subject of the motion. State v.Grubb (1986), 28 Ohio St.3d 199, paragraph one of the syllabus. Hence, it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence at trial so the court can make a final determination as to that evidence's admissibility and to preserve any objection on the record for purposes of appeal. Grubb, at paragraph two of syllabus; see, also,State v. MacCracken (1990), 69 Ohio App.3d 375,378. Since Defendant did not attempt to enter the BAC test results into evidence at trial, he waived any error.
 B. Ineffective Assistance of Counsel
However, this Court's analysis does not end with waiver. On appeal, Defendant has argued that he was denied the effective assistance of counsel because his attorney at trial failed to reassert his position that the BAC test results were relevant. Essentially, Defendant has argued that trial counsel's performance was deficient and that he was prejudiced as a result.
A properly licensed attorney in Ohio is presumed competent, and the burden of proving counsel's ineffectiveness is on the defendant. Statev. Smith (1985), 17 Ohio St.3d 98, 100. One is denied effective assistance of counsel when his attorney's performance falls below an objective standard of reasonable representation, and the defendant is prejudiced as a result. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Lastly, because a strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance, to show prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
Defendant has maintained that this Court's holding in Ott necessitates a finding of "prejudice" in this case. In Ott, 133 Ohio App.3d at 534, this Court held that BAC test results are admissible in R.C. 4511.19(A)(1) prosecutions. The defendant intended to introduce the results of his BAC test, which indicated that he possessed a .098 concentration of alcohol in his breath. Id. at 533. Prior to trial, the State filed a motion inlimine, arguing that because a charge under R.C. 4511.19(A)(1) does not require BAC test results to convict, the defendant's results were inadmissible as irrelevant under Evid.R. 402. Id. The trial court agreed and granted the motion. Id. On appeal, this Court reversed, invoking the Ohio Supreme Court's standard that determinations as to the admissibility of evidence by a trial court should not be disturbed by a reviewing court unless a clear abuse of discretion has occurred and the defendant has been materially prejudiced by that decision. Id. at 534, citing State v. Hymore (1967), 9 Ohio St.2d 122, 128. BAC test results were held to be relevant in R.C. 4511.19(A)(1) prosecutions and, thus, admissible since they tend to show whether the accused was operating a motor vehicle under the influence of alcohol. Id. Specifically, this Court stated that "the trial court abused its discretion by excluding defendant's breath-alcohol concentration test results as irrelevant."Id. After reviewing the facts, this Court concluded by restating the Hymore standard and held that the test results may have demonstrated an absence of guilt and, therefore, the defendant had been "materially prejudiced" by the exclusion of his BAC test results. Id.
It is the phrase "materially prejudiced" upon which Defendant has focused. However, the sort of "prejudice" under Ott is entirely different than the type of "prejudice" in ineffective assistance of counsel claims, as set forth in Bradley. Prejudice, under Ott, referred to the fairness of the trial court's ruling. On the other hand, prejudice was defined in Bradley, as noted supra, as the "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, 42 Ohio St.3d at paragraph three of the syllabus. While it is clear that BAC test results indicating a concentration less than .10 are relevant in cases such as this one and their exclusion can be prejudicial under the Ohio Rules of Evidence, that is not to say their exclusion is outcome-determinative in every instance. Surely, every R.C. 4511.19(A)(1) case does not turn on the admission or exclusion of BAC test results. There are times where evidence adduced at trial will overcome the prejudice of evidence erroneously excluded. Indeed, Defendant had a pale complexion, spoke in a leisurely tone of voice, had red eyes and a moderate odor of alcohol on his breath, had been speeding, failed each sobriety test he was given and even admitted that he was under the influence of alcohol. Hence, this Court concludes that Defendant has not demonstrated that had his BAC test results been introduced, the outcome of his trial would have been different. Based on the circumstances surrounding this case, this Court rejects Defendant's argument as to prejudice, and his ineffective assistance of trial counsel claim is not well taken.
 C. Plain Error
Defendant has also argued that the trial court's exclusion of the BAC test results amounted to plain error. This argument must also fail.
The Ohio Supreme Court has clearly stated that the plain error rule is to be invoked reluctantly. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus. This Court will only apply Crim.R. 52(B) if, but for the alleged error, the outcome of the trial would have been different. State v. Keen (Mar. 24, 1999), Lorain App. No. 97CA006900, unreported, at 4. As determined supra, Defendant has not demonstrated that had the BAC test results been admitted, the result of his trial would have been different. This Court therefore concludes that his plain error argument is without merit.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ BETH WHITMORE
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] The State did not present an appellate brief or oral argument in this matter.
[2] Defendant also advanced an argument relating to his statement on the witness stand that he was, in fact, under the influence of alcohol at the time of his arrest. However, this Court declines to address that matter as it was not properly assigned as error and does not relate to his stated assignment of error. See App.R. 16(A)(3) and (7) and Loc.R. 7(A)(6).