[Cite as *State v. Reich*, 2024-Ohio-1197.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No.     2023CA0032-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| NANCY CAROL REICH | | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.     22TRC01244 |

## DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

FLAGG LANZINGER, Judge.

{¶1}   Defendant-Appellant, Nancy Reich, appeals from the judgment of the Medina Municipal Court.  This Court affirms.

I.

{¶2}   Officer Christian Sheers saw Reich driving her vehicle on a Saturday at 5:00 a.m. He watched her weave within her lane and repeatedly cross the double yellow center line.  He also determined that she was driving about 20 miles per hour under the speed limit.  Officer Sheers decided to stop her.

{¶3}   Reich stopped at the edge of an intersection.  Her vehicle position required Officer Sheers to park his cruiser entirely within the intersection.  When he approached Reich, he detected an odor of alcohol.  He also saw that she had bloodshot and glassy eyes.  Reich initially denied consuming alcohol.  She later said she had consumed two beers a few hours earlier.  Officer Sheers

performed field sobriety testing. He observed multiple clues on each of the tests he performed. Following the tests, he arrested Reich.

{¶4} Reich was charged with operating a vehicle under the influence of alcohol or drugs ("OVI") and a marked lanes violation. At trial, she sought to cross-examine Officer Sheers about the result of a breathalyzer test she took after her arrest. The test showed she had a blood alcohol concentration below the legal limit. The trial court refused to allow Reich to ask Officer Sheers about the test.

{¶5} A jury found Reich guilty of OVI. The trial court then found her guilty of the marked lanes violation. The court sentenced her to jail and a fine. The court agreed to stay her sentence for purposes of an appeal.

{¶6} Reich now appeals from her conviction. She raises one assignment of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR

APPELLANT WAS DENIED DUE PROCESS OF LAW AND HER CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE WHEN THE TRIAL COURT RULED THAT APPELLANT COULD NOT OFFER EVIDENCE TO THE JURY CONCERNING BREATH TESTS GIVEN APPELLANT WHICH PRODUCED A READING BELOW THE PRESUMPTIVE LEVEL OF .08.

{¶7} In her sole assignment of error, Reich argues the trial court deprived her of a fair trial when it refused to allow her to offer evidence about the result of her breathalyzer test.[1] For the following reasons, we reject her assignment of error.

---

[1] The trial court's ruling was not limited to excluding the results of Reich's breathalyzer test. Defense counsel also was not permitted to ask Officer Sheers whether Reich asked to take a breathalyzer test, whether she took the test, or whether Officer Sheers normally administered breathalyzer tests to confirm his observations. On appeal, Reich has only challenged the trial court's refusal to admit the results of her breathalyzer test. Accordingly, we limit our review to

{¶8} "The trial court has broad discretion in the admission of evidence * * *." *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). "'[T]his Court will not disturb a trial court's ruling on the admission of evidence absent an abuse of discretion and material prejudice to the defendant.'" (Alteration sic.) *State v. Mitchell*, 9th Dist. Medina No. 21CA0071-M, 2022-Ohio-3176, ¶ 30, quoting *Drew v. Marino*, 9th Dist. Summit No. 21458, 2004-Ohio-1071, ¶ 8. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} "A conviction under R.C. 4511.19(A)(1)(a) focuses on the conduct of the defendant and observations of the arresting officers, rather than the results of a * * * breathalyzer exam * * *." *State v. Gladman*, 2d Dist. Clark No. 2013 CA 99, 2014-Ohio-2554, ¶ 24. Even so, "evidence that an accused's breath-alcohol level is below a certain percentage may be considered with other competent evidence when determining the guilt or innocence of [the accused] for a violation of [R.C. 4511.19(A)(1)(a)]." *State v. Ott*, 133 Ohio App.3d 532, 534 (9th Dist.1999), citing R.C. 4511.19(D)(2). Such evidence is relevant as it may tend to show "an absence of guilt * * *." *Ott* at 534.

{¶10} In *State v. French*, the Ohio Supreme Court considered whether, "in a charge under R.C. 4511.19(A)(1), expert testimony is required to explain the significance of a legally obtained breathalyzer test result that is below the per se level." 72 Ohio St.3d 446, 452 (1995). There, it was the State who sought to introduce the results of a breathalyzer test to show there was alcohol in the defendant's system. *Id.* at 448. The Supreme Court found that the trial court erred by allowing the State to introduce the test results "in the absence of expert testimony explaining the

---

that issue. We take no position on the other limitations the trial court placed on defense counsel's cross-examination.

significance of the figure." *Id.* at 452. The Supreme Court explained that, "without expert testimony, prejudice could result from a jury giving too much weight to the test result itself rather than focusing on the critical issue of the defendant's conduct." *Id.*

**{¶11}** Reich sought to introduce her breathalyzer test result at trial through the testimony of Officer Sheers. When cross-examining the officer, Reich began to ask him about breathalyzer tests. The State objected, and the parties approached the bench. The State stipulated that Reich had submitted to a breathalyzer test and had received a result below the legal limit. The State objected to the admission of that result, however, because Reich did not intend to introduce it through an expert. The trial court ultimately agreed with the State's position. Because Reich did not have an expert to explain her test result and how it related to her impairment, the court refused to admit any evidence of her test result.

**{¶12}** Reich argues the trial court erred when it refused to allow her to present her test result to the jury. She argues that her test result was relevant to her charge under R.C. 4511.19(A)(1)(a). According to Reich, her test result "may have demonstrated the absence of guilt despite the Officer's stated observations and [her] alleged poor performance during the field sobriety tests."

**{¶13}** While breathalyzer test results may be relevant to a charge under R.C. 4511.19(A)(1)(a), the "critical issue" in determining guilt under that subsection is the conduct of the defendant. *French*, 72 Ohio St.3d at 452. *See also Gladman*, 2014-Ohio-2554, at ¶ 24. Thus, "in a charge under R.C. 4511.19(A)(1), expert testimony is required to explain the significance of a legally obtained breathalyzer test result that is below the per se level." *French* at 452. Reich did not call an expert to testify about the results of her breathalyzer test. Moreover, on appeal, she has not addressed the Ohio Supreme Court's decision in *State v. French* or the trial court's rationale

for its ruling. This Court will not construct an argument on her behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Because Reich has not shown that the trial court abused its discretion when it refused to allow her to introduce her breathalyzer test result through Officer Sheers, her sole assignment of error is overruled.

### III.

{¶14} Reich's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, MEGAN A. PHILBIN, and ROBERT CAMPBELL, Prosecuting Attorneys, for Appellee.