[Cite as *State v. Randles*, 2013-Ohio-4681.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26629 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK ALLAN RANDLES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 09 2399 |

## DECISION AND JOURNAL ENTRY

Dated: October 23, 2013

---

HENSAL, Judge.

**{¶1}** Mark Randles appeals his sentence for rape from the Summit County common pleas court. For the following reasons, this Court affirms.

I.

**{¶2}** The Grand Jury indicted Mr. Randles for one count of rape "in violation of Section 2907.02(A)(1)(b) of the Ohio Revised Code" and one count of gross sexual imposition. A jury convicted him of the offenses. At sentencing, the trial court merged the counts and sentenced him to 25 years to life imprisonment for rape. Mr. Randles has appealed his sentence, assigning one error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PLAIN ERROR AS A MATTER OF LAW IN IMPOSING A SENTENCE OF TWENTY-FIVE YEARS TO LIFE IMPRISONMENT FOR RAPE, WHERE THE JURY VERDICT ALLOWED A SENTENCE FOR ONLY THE LEAST DEGREE OF THE OFFENSE.

**{¶3}** Mr. Randles argues that, under the Ohio Supreme Court's decision in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, because the jury's verdict form did not specifically state the statutory section that he violated or factual findings that would support a greater-than-the-minimum sentence, the maximum sentence that the trial court could impose is ten years. In *Pelfrey*, the Supreme Court held that, "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Id.* at syllabus. The jury's verdict form in this case provided that "[w]e, the Jury, * * * do hereby find the Defendant * * * guilty of the offense of [r]ape. And we do further find the Defendant * * * did purposely compel the victim to submit by force or threat of force."

**{¶4}** This Court recently considered a similar issue in *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068. In *Edwards*, the Grand Jury indicted Mr. Edwards for one count of rape under Section 2907.02(A)(1)(b) and two counts of gross sexual imposition under Section 2907.05(A)(4), felonies of the third degree. A jury found him guilty of gross sexual imposition, and the court sentenced him to four years in prison.

**{¶5}** On appeal, Mr. Edwards argued that, because the jury's verdict forms did not include the degree of the offense or any aggravating elements, they were insufficient under *Pelfrey* to support his conviction of anything more than felonies of the fourth degree, the least degree of the offenses. *Id.* at ¶ 27. This Court noted, however, that, since *Pelfrey*, the Supreme Court had decided *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224. *Id.* at ¶ 31. In *Eafford*, the Ohio Supreme Court determined that it was not plain error for the trial court to sentence Mr. Eafford for possession of cocaine even though the jury's verdict form indicated that

he was merely guilty of "Possession of Drugs." *Id*., quoting *Eafford* at ¶ 18. The Supreme Court's decision was based on the fact that the indictment alleged that Mr. Eafford possessed "cocaine," expert testimony confirmed that the substance at issue tested positive for cocaine, the court and parties had treated the phrase "possession of drugs" as synonymous with "possession of cocaine" throughout the trial, and the court included cocaine as the specific drug at issue in its instructions. *Id*., quoting *Eafford* at ¶ 17. Accordingly, "when the jury found Eafford guilty as charged in Count Two of the indictment, its finding necessarily related to possession of cocaine." *Eafford* at ¶ 17.

{¶6} Reconciling *Pelfrey* and *Eafford*, this Court determined that *Pelfrey* only "applies when 'the presence of one or more additional elements makes an offense one of more serious degree.'" *Id*. at ¶ 34, quoting R.C. 2945.75(A). It noted that Section 2907.05(A)(4) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person." *Id*. at ¶ 35. It also noted that a violation of Section 2907.05(A)(4) is a felony of the third degree and that "[t]here are no additional elements that will enhance this offense to a higher degree.'" *Id*. It further noted that, to obtain a conviction, "the State was required to prove that Edwards had sexual contact with J.S. for the purpose of sexual arousal or gratification and that J.S. was under the age of thirteen at the time of the offense." *Id*. "Failure to prove any of these elements would have resulted in an acquittal, not a conviction of a lesser degree of gross sexual imposition." *Id*. This Court, therefore, concluded that *Pelfrey* did not apply and that the verdict forms were sufficient to support Mr. Edwards's convictions as felonies of the third degree.

**{¶7}** In this case, the jury's verdict as to "[c]ount 1" was that Mr. Randles was guilty of the offense of rape. Count one of the indictment charged Mr. Randles with violating "Section 2907.02(A)(1)(b)." Under Section 2907.02(A)(1)(b), "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age * * *." The court also instructed the jury that, "in Count One * * * [b]efore you can find the defendant guilty, you must find beyond a reasonable doubt that * * * [Mr.] Randles, purposely engaged in sexual conduct with another who is not the spouse of the defendant when the other person was less than 13 years of age * * *." That was the only rape instruction that the jury received.

**{¶8}** As in *Edwards*, if the jury did not believe that Mr. Randles engaged in sexual conduct with the alleged victim or that she was not under thirteen years of age, it would have resulted in his acquittal, not a finding of guilt. Since the jury's verdict necessarily included a finding that the victim was less than 13 years of age, we conclude that his conviction was under Section 2907.02(A)(1)(b). *See Edwards* at ¶ 35.

**{¶9}** If a defendant is found guilty of violating Section 2907.02(A)(1)(b), twenty-five years to life is the minimum prison sentence that he can receive, unless he was under the age of 16 at the time of the offense. R.C. 2907.02(B); R.C. 2971.03. Unlike the statute at issue in *Pelfrey*, the presence of one or more additional elements does not enhance a violation of Section 2907.02(A)(1)(b) to a higher degree. While Section 2907.02 "does contain other subsections, * * * each has their own separate elements." *Edwards* at ¶ 35. Just as we determined in *Edwards* with respect to the similarly worded gross-sexual-imposition statute, we conclude that *Pelfrey* is inapplicable with respect to violations of Section 2907.02(A)(1)(b). *Id.* at ¶ 34. Mr. Randles's assignment of error is overruled.

III.

**{¶10}** *Pelfrey* does not apply to a violation of Revised Code Section 2907.02(A)(1)(b). The judgment of the Summit County common pleas court is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{**¶11**} Based on Mr. Randles' limited argument, I concur in the majority's judgment. The issue raised by Mr. Randles is not a *State v. Pelfrey,* 112 Ohio St.3d 422, 2007-Ohio-256, issue because all forms of rape are first-degree felonies. *See* R.C. 2907.02(B). Thus, Mr. Randles' conviction for rape could only be a first-degree felony. As Mr. Randles has not developed any argument concerning his sentencing and has limited his argument to the notion that the verdict form violated *Pelfrey,* I concur in the majority's judgment.

<u>APPEARANCES:</u>

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.