[Cite as *State v. Binford*, 2016-Ohio-7678.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                          )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                       C.A. No.     27950

      Appellee

      v.                             APPEAL FROM JUDGMENT
                                 ENTERED IN THE
ALLEN BINFORD                   COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
      Appellant              CASE No.     CR 2015 04 1082

DECISION AND JOURNAL ENTRY

Dated: November 9, 2016

CARR, Presiding Judge.

{¶1}    Appellant, Allen Binford, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    On April 17, 2015, the Summit County Grand Jury indicted Binford on one count of aggravated robbery and one count of felonious assault. Binford pleaded not guilty to the charges at arraignment. The matter proceeded to a jury trial and Binford was found guilty of the lesser included offenses of robbery and assault. Binford contended that because the verdict form for robbery did not specify the degree of the offense or identify an aggravating element, he could only be convicted of the lowest degree of the offense under *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256. After permitting the parties to brief the issue, the trial court concluded that Binford was guilty of robbery as a felony of the second degree. Binford received a three-year

prison sentence for robbery and a 180-day jail sentence for assault. The trial court ordered that the sentences run consecutively to each other.

{¶3} On appeal, Binford raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

MR. BINFORD'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4} In his first assignment of error, Binford argues that his convictions for robbery and assault were against the weight of the evidence. This Court disagrees.

{¶5} When a defendant argues that his convictions were contrary to the weight of the evidence, this Court must review all of the evidence before the trial court:

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

{¶6} Binford was convicted of assault in violation of R.C. 2903.13(A), which states, "No person shall knowingly cause or attempt to cause physical harm to another[.]" "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will

probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Binford was also convicted of robbery in violation of R.C. 2911.02(A), which states:

> No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> * *
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.

"Physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

{¶7} The central tenet of Binford's manifest weight challenge is that the testimony of the alleged victim, A.H., was not credible. With respect to both of his convictions, Binford asserts that a review of the record in its entirety demonstrates that he did not cause physical harm to A.H., nor did he attempt to injure her in any way. In specific regard to his robbery conviction, Binford contends that there was no evidence in the record that he committed a theft offense.

{¶8} A review of the transcript reveals that on the evening of April 6, 2015, A.H. encountered Binford while walking near her house on Henry St., in Akron, Ohio. According to A.H., she invited Binford into her house where they smoked crack cocaine. He grew paranoid and began "acting like [A.H.] was the enemy." Binford's aggression caused A.H. to become uncomfortable and she asked him to leave. Binford was angered by her request and he walked out of the house to a car in the driveway. When A.H. arrived at the doorway, Binford asked if he

could smoke the crack in his hand before departing. A.H. reluctantly agreed, reasoning, "it was just easier to say yes to let him smoke that crack and not cause any problems." After Binford pushed A.H. out of the way and reentered the house, he accused her of stealing $20 from him. A.H. denied that she had taken any money. Binford proceeded to smoke the crack cocaine. A.H. grew fearful as Binford became increasingly more aggressive. In light of Binford's behavior and the dispute about the money, A.H. attempted to hide in the back of the house. When Binford found A.H., he punched her in the face. A.H. fell to the ground and Binford started kicking her in the head and stomach. A.H. testified that there was blood all over her body. Though she begged Binford to stop striking her, he hit her "at least 50 times." Photographs introduced as exhibits at trial demonstrated that A.H. suffered significant injuries. When police arrived at the scene, A.H. identified her attacker as a man named "Al." She provided a description and pointed the officers in the direction the man had fled. Shortly thereafter, police encountered Binford, who matched the description provided by A.H. When the officers encountered Binford, "his hands were covered in blood and he was carrying a bloody rag in his hand." One officer testified that, when Binford noticed the officers, he attempted to discard a cell phone. Police recovered the cell phone and discovered that it belonged to A.H.

{¶9} Binford testified in his own defense at trial and sharply disputed A.H.'s version of events. Binford admitted that he drank beer at A.H.'s house but he denied smoking crack cocaine. Binford also denied that he and A.H. were involved in a violent confrontation. With respect to the cell phone, Binford testified that he gave A.H. $50 with the understanding that she would go to the store and then return the change. According to Binford, when A.H. was unable to produce the change, she agreed to give Binford her cell phone as collateral until she was able to procure money the following day.

{¶10} A thorough review of the record reveals that this is not the exceptional case where the trier of fact clearly lost its way. A.H.'s testimony indicated that she suffered a brutal attack at the hands of Binford. The evidence at trial further revealed that A.H. and Binford had a dispute about money and Binford left her house with her cell phone in his possession. While Binford challenges the credibility of A.H.'s testimony, the issue of her credibility was placed squarely before the jury at trial. A.H. admitted that she suffered from an on-going drug addiction. Moreover, both A.H. and Binford were cross-examined regarding potential inconsistencies and inaccuracies in their testimony. This Court has consistently held that the trier of fact is in the best position to evaluate the credibility of witnesses and resolve factual disputes. *State v. McNeil*, 9th Dist. Summit No. 27720, 2016-Ohio-4669, ¶ 16, citing *State v. Velez*, 9th Dist. Lorain No. 14CA010683, 2016-Ohio-2875, ¶ 11. "[T]his Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge simply because the jury chose to believe certain witnesses' testimony." *Velez* at ¶ 11, citing *State v. Ross*, 9th Dist. Wayne No. 12CA0007, 2013-Ohio-522, ¶ 16. Under these circumstances, where there was ample evidence that Binford physically attacked A.H. and then stole her cell phone, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice.

{¶11} Binford's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SENTENCED MR. BINFORD TO A FELONY OF THE SECOND DEGREE ON COUNT ONE WHERE THE JURY VERDICT FORMS FAILED TO CONFORM WITH STATE V. MCDONALD, STATE V. PELFREY, AND R.C. 2945.75(A)(2).

{¶12} In his second assignment of error, Binford contends that the trial court erred when it categorized his robbery conviction as a felony of the second degree, instead of a felony of the

third degree, when the jury verdict forms did not either contain an enhancing element or state the degree of the offense. This Court disagrees.

{¶13} R.C. 2945.75(A)(2) states that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." The Supreme Court of Ohio has held that "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, syllabus. With respect to R.C. 2945.75, "[i]ts dictates are simple, and the resolution of cases that do not meet its requirements is also straightforward: The statute provides explicitly what must be done by the courts [when R.C. 2945.75(A)(1) is not followed]: the guilty verdict constitutes a finding of guilty of the least degree of the offense charged. R.C. 2945.75(A)(2)." (Internal quotations omitted.) *State v. McDonald*, 137 Ohio St.3d 517, 2013-Ohio-5042, ¶ 14, quoting *Pelfrey* at ¶ 13.

{¶14} As noted above, Binford was convicted of robbery in violation of R.C. 2911.02(A), which states:

> No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
>
> (1) Have a deadly weapon on or about the offender's person or under the offender's control;
>
> (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
>
> (3) Use or threaten the immediate use of force against another.

R.C. 2911.02(B) specifies that [w]hoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree."

{¶15} After the conclusion of the State's case-in-chief, defense counsel informed the trial court that it would be requesting a jury instruction on the lesser-included offense of robbery in regard to the aggravated robbery charge. The trial court responded, "Having to do with the definition of serious physical harm?" Defense counsel answered in the affirmative and stated he hoped to "look at all the different alternatives there are." The trial court ultimately gave an instruction on the lesser included offense of robbery as defined by R.C. 2911.02(A)(2), stating, "The offense of robbery is defined as the defendant, in committing or attempting to commit a theft offense, or in fleeing immediately thereafter, did inflict or attempt to inflict or threaten to inflict physical harm on A.H. The only difference between aggravated robbery and robbery is the level of harm. One is serious physical harm and the lesser included offense is simply physical harm. * * * You will use all the same definitions for aggravated robbery you will for robbery with that one exception as to the physical harm." Though the jury ultimately acquitted Binford of aggravated robbery, it convicted Binford of the lesser included offense of robbery. The verdict form merely stated, "We, the Jury, in this case being duly impaneled and sworn to well and truly try and true deliverance make between the State of Ohio and the Defendant, do find the Defendant ALLEN D. BINFORD guilty of the lesser offense of Robbery." The verdict form did not set forth the level of the offense, nor did it contain any discussion of the elements of the offense. Prior to sentencing, Binford filed a brief asserting that, in light of the verdict form, he could only be sentenced on the least degree of the offense. The trial court rejected Binford's contention and sentenced him on second-degree felony robbery.

**{¶16}** On appeal, Binford relies on the Third District's decision in *State v. Duncan*, 3d Dist. Logan No. 8-12-15, 2014-Ohio-2720, and several other cases, in support of the proposition that in order to raise the degree of the offense for robbery from a third degree to a second degree felony, the State must prove additional elements. *Duncan* at ¶ 11. Binford reasons that because the verdict form did not identify these additional elements or the degree of the offense, he could only have been found guilty of a felony of the third degree under R.C. 2945.75(A)(2).

**{¶17}** We conclude Binford's argument to be without merit. R.C. 2945.75(A)(2) applies under circumstances where "the presence of one or more additional elements makes an offense one of more serious degree[.]" This Court has concluded that R.C. 2945.75(A)(2) is inapplicable where a criminal statue contains multiple subsections and each subsection contains a separate and distinct set of elements. *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 34, citing *State v. Crosky*, 10th Dist. Franklin No. 06AP-065, 2008-Ohio-145, ¶ 147-148; *State v. Randles*, 9th Dist. Summit No. 26629, 2013-Ohio-4681, ¶ 8-9. Though the jury found Binford not guilty of aggravated robbery, which required the State to demonstrate that Binford inflicted "serious physical harm" on A.H., the jury found Binford guilty of the lesser included offense of robbery which, pursuant to R.C. 2911.02(A)(2), only required the State to demonstrate that Binford inflicted "physical harm." While R.C. 2911.02 "does contain other subsections, * * * each has their own separate elements." *Randles* at ¶ 9, quoting *Edwards* at ¶ 35. It follows that R.C. 2945.75(A)(2) was not applicable under these circumstances.

**{¶18}** The second assignment of error is overruled.

### III.

**{¶19}** Binford's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.