[Cite as *State v. Parr*, 2024-Ohio-1199.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 23AP0005 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHERY PARR | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2022 CRB 001241 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

SUTTON, Judge.

**{¶1}** Defendant-Appellant Zachery Parr appeals the judgment of the Wayne County Municipal Court. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

**{¶2}** On August 31, 2022, while driving north on State Route 226, J.S. witnessed a physical altercation between Mr. Parr and C.H., the female driver of a vehicle travelling the opposite direction. J.S. saw Mr. Parr "hitting, punching, smacking [C.H.] to where the car actually veered and stopped in the middle of the road and almost hit [him] head on." At that time, J.S. turned his vehicle around, parked it in front of the other vehicle, and called 911. While waiting for the police to arrive, J.S. witnessed Mr. Parr continue to strike C.H. J.S. saw Mr. Parr strike C.H. 20 to 30 times and was 100% sure he witnessed a physical altercation between Mr. Parr and C.H.

**{¶3}** Mr. Parr was indicted for domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree, and assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. Mr. Parr pleaded not guilty to both counts and a jury trial ensued. The jury found Mr. Parr guilty of domestic violence and assault, which the trial court determined were allied offenses of similar import. The trial court sentenced Mr. Parr, on the domestic violence conviction, to 120-days in jail, a $500 fine, 12-months community control, and 80-hours community service, and to complete an anger management course. The trial court also ordered Mr. Parr to obtain gainful employment after his release from jail.

**{¶4}** Mr. Parr now appeals raising four assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**[MR.] PARR'S CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW[.]**

**{¶5}** In his first assignment of error, Mr. Parr argues his conviction for domestic violence and assault were not supported by sufficient evidence. We disagree.

**{¶6}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it

allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7} Pursuant to R.C. 2919.25:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

Further, pursuant to R.C. 2903.13:

(A) No person shall knowingly cause or attempt to cause physical harm to another[.]

{¶8} Here, J.S. testified he witnessed Mr. Parr "hitting, punching, [and] smacking" C.H. while she was driving a vehicle, at which point C.H. veered and almost hit J.S. head on. Further, after both vehicles stopped, J.S. testified Mr. Parr continued striking C.H. J.S. described the assault as "repetitive[,]" where "[Mr. Parr] kept trying to get her arms down, and punching over her, smack[ing] her." J.S. indicated he saw Mr. Parr strike C.H. 20 to 30 times, and was 100% sure Mr. Parr physically assaulted C.H.

{¶9} Sergeant Daniel Lee Broome, with the Wayne County Sheriff's Office, testified C.H. told him Mr. Parr hit her on the arm and right leg. After Mr. Parr was brought back to the scene of the incident by the Ohio State Highway Patrol, because Mr. Parr had left on foot with C.H.'s car keys, Mr. Parr admitted to hitting C.H. with an open hand.

{¶10} C.H. testified Mr. Parr is her fiancé and they lived together at his residence on the date of the incident, prior to a no contact order being put into place.

{¶11} In viewing this evidence in a light most favorable to the State, the jury could reasonably conclude that the essential elements of domestic violence and assault were proven beyond a reasonable doubt.

{¶12} Accordingly, Mr. Parr's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**[MR.] PARR[']S CONVICTIONS [WERE] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶13}   In his second assignment of error, Mr. Parr argues his convictions were against the manifest weight of the evidence.  Specifically, Mr. Parr argues C.H.'s testimony "refutes every bit" of J.S.'s testimony, making it "totally unreliable."  We disagree.

{¶14}   As this Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶15}   Moreover, an appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.  "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20.  "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id*.

{¶16}   Here, as previously indicated, J.S. testified to witnessing Mr. Parr repeatedly strike C.H. while she was driving a vehicle, almost causing her to hit J.S.'s vehicle head on.  J.S. also

testified Mr. Parr continued striking C.H. after the vehicle stopped. J.S. indicated Mr. Parr struck C.H. 20 to 30 times. The jury also heard testimony from Sergeant Broome that C.H. changed her story at the time of the incident by telling the officers she just met Mr. Parr and did not know his last name, and then admitting she and Mr. Parr were engaged and living together in Mr. Parr's residence. C.H. also told Sergeant Broome, at the time of the incident, that Mr. Parr hit her. However, at trial, C.H. testified Mr. Parr never hit her, and then admitted he "technically" hit her to calm her down. Further, C.H. admitted she never told the police officers she swerved to avoid hitting a cat or squirrel, and also admitted she lied to the police to try and keep Mr. Parr out of trouble.

{¶17} As such, based upon the foregoing, this is not an exceptional case that warrants reversal. The trial court did not clearly lose its way and create such a manifest miscarriage of justice that Mr. Parr's convictions must be reversed and a new trial ordered.

{¶18} Accordingly, Mr. Parr's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

**THE [TRIAL] COURT COMMITTED [A] SENTENCING [ERROR] WHEN THE VERDICT FORM DOES NOT SPECIFY THE DEGREE OF THE OFFENSE OR AGGRAVATING FACTOR ENHANCING THE OFFENSE FROM MISDEMEANOR OF [THE] 4TH DEGREE TO MISDEMEANOR OF THE 1ST DEGREE[.]**

{¶19} In his third assignment of error, Mr. Parr argues the trial court erred in sentencing him on misdemeanor of the first degree, for domestic violence, because the verdict form did not specify the degree of the offense or any aggravating factor enhancing the offense from a misdemeanor of the fourth degree to a misdemeanor of the first degree. We are not persuaded by this argument.

**{¶20}** Here, in making his argument, Mr. Parr relies upon R.C. 2945.75(A)(2), which states:

> When the presence of one or more additional elements makes an offense one of more serious degree:
>
> A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

"R.C. 2945.75(A)(2) applies under circumstances where 'the presence of one or more additional elements makes an offense one of more serious degree[.]'" *State v. Binford*, 9th Dist. Summit No. 27950, 2016-Ohio-7678, ¶ 17, quoting R.C. 2945.75(A)(2). "This Court has concluded that R.C. 2945.75(A)(2) is inapplicable where a criminal statue contains multiple subsections and each subsection contains a separate and distinct set of elements." *Binford* at ¶ 17, citing *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 34; *State v. Crosky*, 10th Dist. Franklin No. 06AP–065, 2008-Ohio-145, ¶ 147-148; *State v. Randles*, 9th Dist. Summit No. 26629, 2013-Ohio-4681, ¶ 8-9.

A review of the verdict form in this matter reveals the jury found Mr. Parr guilty of "the offense of [d]omestic [v]iolence, *[R.C.] 2919.25(A)*, as charged in the complaint." (Emphasis added.) As indicated above, R.C. 2919.25(A) states: "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Importantly, R.C. 2919.25(D)(1) also states:

> Whoever violates this section is guilty of domestic violence, and the court shall sentence the offender as provided in divisions (D)(2) to (6) of this section.
>
> (2) Except as otherwise provided in divisions (D)(3) to (5) of this section, a violation of division (C) of this section is a misdemeanor of the fourth degree, *and a violation of division (A) or (B) of this section is a misdemeanor of the first degree*.

(Emphasis added.)   Indeed, Mr. Parr was charged with domestic violence, pursuant to R.C. 2919.25(A), which contains a separate and distinct set of elements from the other violations set forth therein and *is*, by statute, a misdemeanor of the first degree.  Mr. Parr was not convicted of an enhanced offense beyond the charged elements in R.C. 2919.25(A).  The verdict form, in specifying that Mr. Parr is guilty of R.C. 2919.25(A), reflects the same.   Thus, the trial court did not err in sentencing Mr. Parr in accordance with the statutory guidelines for a misdemeanor of the first degree.

{¶21}  Accordingly, Mr. Parr's third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

**THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING [MR. PARR'S] MOTION TO PROHIBIT THE TESTIMONY OF [J.S.] DUE TO [THE] FACT THAT HIS CRIMINAL RECORD WAS NOT PROVIDED TO DEFENSE IN DISCOVERY DESPITE PROPERLY REQUESTED THROUGH DISCOVERY.**

{¶22}  In his fourth assignment of error, Mr. Parr argues the trial court abused its discretion in allowing J.S. to testify because his criminal record was not provided to Mr. Parr's defense counsel through discovery.  We disagree.

{¶23}   "[A] trial court has broad discretion in the admission or exclusion of evidence and this Court will not disturb a trial court's ruling on the admission of evidence absent an abuse of discretion and material prejudice to the defendant." *State v. Mitchell*, 9th Dist. Medina No. 21CA0071-M, 2022-Ohio-3176, ¶ 30, quoting *Drew v. Marino*, 9th Dist. Summit No. 21458, 2004-Ohio-1071, ¶ 8. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶24}  Further, pursuant to Crim.R. 16:

(B) Discovery: Right to Copy or Photograph. Upon receipt of a written demand for discovery by the defendant, and except as provided in division (C), (D), (E), (F), or

(J) of this rule, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:

(2) Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal[.]

{¶25} Here, the record reveals, after the jury was selected but prior to opening arguments, Mr. Parr's counsel raised an issue regarding two of the State's proposed witnesses relating to discovery. Specifically, as to J.S., Mr. Parr's counsel contended she had not received a criminal history report, if any, for J.S. The trial court ordered the State to provide Mr. Parr's counsel with this information over the lunch hour. When the State ultimately called J.S. as a witness, Mr. Parr did not object to J.S.'s testimony and the previous discovery issue was not revisited. The record does not contain any information regarding whether J.S., actually had a criminal history. Further, Mr. Parr did not proffer any information on the record regarding a criminal history report for J.S., nor did Mr. Parr attempt to cross-examine J.S. regarding his credibility as a witness. Thus, because Mr. Parr did not object to J.S.'s testimony, he is limited to arguing plain error on appeal.

{¶26} Crim.R. 52(B) provides, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002), the Supreme Court of Ohio discussed the standard for noticing plain error:

"First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial."

Further, the Supreme Court of Ohio has cautioned that, "[e]ven if a forfeited error satisfies these three prongs, * * * Crim.R. 52(B) does not demand that an appellate court correct it." *Barnes* at 27. As such, "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

**{¶27}** The record, here, indicates Mr. Parr had access to J.S.'s criminal history report, if any, prior to the start of trial and had the opportunity to cross-examine J.S. as to any potential credibility issues. This cured any potential discovery issue as to J.S. As such, we cannot say the trial court committed plain error in allowing J.S.'s testimony at trial.

**{¶28}** Accordingly, Mr. Parr's fourth assignment of error is overruled.

III.

**{¶29}** For the foregoing reasons, Mr. Parr's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

WESLEY JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and DYLAN KOLBE, Assistant Prosecuting Attorney, for Appellee.