[Cite as *State v. Yoho*, 2024-Ohio-1725.]

STATE OF OHIO            )           IN THE COURT OF APPEALS
                         )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE          )

STATE OF OHIO                        C.A. No.      22AP0059

    Appellee

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
JASON YOHO                           WAYNE COUNTY MUNICIPAL COURT
                                     COUNTY OF WAYNE, OHIO
    Appellant                        CASE No.      2022 CR-B 000981

DECISION AND JOURNAL ENTRY

Dated: May 6, 2024

FLAGG LANZINGER, Judge.

**{¶1}** Defendant-Appellant, Jason Yoho, appeals from the judgment of the Wayne County Municipal Court. This Court affirms.

I.

**{¶2}** Yoho approached two girls in his car. The girls were sisters and were horseback riding along a road near their home. The oldest sister was sixteen years old. The younger sister was twelve years old. Yoho spoke with the younger sister first. He asked her where to find Apple Creek. When she said she did not know, he drove forward several feet and spoke with the older sister. He also asked her where to find Apple Creek. Yoho repeatedly asked the older sister the same question even though she answered him. As he spoke with her, the older sister saw that Yoho was not wearing any pants or underwear. She also saw him touching his penis.

**{¶3}** Yoho drove forward and parked in a nearby driveway. Disturbed by his behavior, the older sister called her father. The father was riding his motorcycle in the area. He quickly

appeared and drove toward his daughters. As he did so, Yoho drove away. The older sister was able to quickly tell her father what had happened. The father then chased after Yoho on his motorcycle. He briefly spoke with Yoho and was able to take a picture of his license plate. The father and his daughters reported the incident to the police.

{¶4} Yoho was charged with two counts of public indecency in violation of R.C. 2907.09(B)(4). A jury found him guilty on both counts. The trial court sentenced him to 180 days in jail, a period of community control, and a fine. The court also classified him as a tier I sex offender.

{¶5} Yoho now appeals from his convictions. He raises four assignments of error for review.

## II.

## ASSIGNMENT OF ERROR I

MR. YOHO'S CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE[.]

{¶6} In his first assignment of error, Yoho argues his convictions are based on insufficient evidence. We disagree.

{¶7} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶8}    Relevant to this appeal, R.C. 2907.09(B)(4) forbids any person in the physical proximity of a minor from knowingly exposing his private parts to the minor "with the purpose of personal sexual arousal or gratification" when his conduct "is likely to be viewed by and affront" the minor.    Whoever commits the foregoing offense is guilty of public indecency.    R.C. 2907.09(C)(1).

{¶9}    The younger sister testified that this incident occurred while she and her older sister were horseback riding along a road near their home.  The younger sister was twelve years old.  She was riding on a pony behind her older sister.  As they were riding along the side of the road, a red car passed them from the front.  The younger sister testified that the car stopped some distance behind them, turned around, and drove back toward them.  When the car reached her, its male driver stopped and spoke with her through the passenger window.  The driver asked the younger sister where Apple Creek was.  When she said she did not know, the man drove forward several feet to speak with the older sister.

{¶10}   The older sister confirmed that she and her sister were horseback riding when this incident occurred.  The older sister was sixteen years old.  She was riding on a horse ahead of her younger sister.  She testified that the driver briefly spoke with the younger sister before pulling forward, stopping, and speaking to her.  The older sister testified that the driver asked her where Apple Creek was.  Even though she told him where to find it, the driver asked her the same question multiple times.  Each time, the older sister answered the driver's question.

{¶11}   The older sister testified that her horse was taller than the younger sister's pony.  Her heightened view from the horse allowed her to see inside the driver's car.  She noted the driver was not wearing any pants or underwear.  She testified that, as the driver asked her questions, she

saw him masturbating. The older sister specified that she could see the driver's penis and saw him touching himself while asking her questions. While testifying, she identified Yoho as the driver.

{¶12} Both the younger sister and the older sister testified that, during this incident, their father was riding his motorcycle in the area. When Yoho finished speaking with the older sister, he drove forward and parked his car in a driveway in front of the sisters. The older sister testified that he remained there for about 20 seconds. The older sister took that opportunity to call her father on her cell phone. As her father appeared at a distance down the road behind the younger sister, Yoho reversed his car, drove past the sisters, and drove past their father. The father reached the sisters on his motorcycle, and the older sister told him what had happened. The father then set off in pursuit of Yoho's car.

{¶13} The father testified that, for safety reasons, he routinely rode his motorcycle in the area whenever his daughters went horseback riding. He testified that he was not able to hear the cell phone call the older sister made due to road noise. As he approached his daughters at a distance, however, he saw the older sister hold up her cell phone to him. The father immediately drove over to his daughters. He testified that a car passed him in the opposite direction. As the car passed by, the father noticed its driver was slouched down so far in his seat that only his head was visible.

{¶14} The father testified that, when he reached his daughters, the older sister told him what had transpired between her, her sister, and Yoho. Specifically, she told him Yoho had asked for directions while he had his pants down and "was playing with himself." The father could still see Yoho's car in the distance. He chased after it on his motorcycle.

{¶15} The father testified that Yoho essentially led them in a large square. He made a series of left turns until he eventually returned to the road where he had encountered the sisters.

At that point, the father maneuvered his motorcycle in front of Yoho's car and stopped him. The father testified that Yoho was sitting upright in his seat when they stopped rather than slouching. He approached Yoho and noticed he was wearing a pair of basketball shorts. The father asked Yoho about the incident with his daughters. According to the father, Yoho had "a smirk on his face" while he was being asked about having his pants down. He testified that Yoho responded to questions in a sarcastic manner and treated the entire incident "like it was all a big joke to him." The father took a picture of Yoho's license plate and phoned the police. While the father was on the phone with the police, Yoho drove away in his car.

{¶16} Yoho argues his convictions are based on insufficient evidence because the State failed to prove he knowingly exposed his genitals to the sisters for the purpose of personal sexual arousal or gratification. According to Yoho, the older sister never clarified whether she could see his penis and gave no indication that she "understood what constituted masturbation." Further, he argues that it is unlikely he thought anyone could observe his alleged actions, given that he was seated inside his car. He notes that the younger sister never claimed she saw him engage in any suspicious conduct. Because the State failed to prove each element of his convictions, Yoho argues, this Court must reverse them.

{¶17} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded that the State proved the elements of Yoho's convictions beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. The older sister specifically testified that she could see Yoho's penis while he asked her questions because he was not wearing any pants or underwear. She testified that he was masturbating, which she described as "touching himself." She also told her father that Yoho "was playing with himself." There is no indication in the record that the sixteen-year-old did not understand the terms she used. Further,

she testified that Yoho repeatedly asked her the same question even though she was answering his question. The jury reasonably could have concluded that Yoho purposely sought to lengthen their interaction because he was deriving personal sexual arousal or gratification from knowingly exposing his penis and touching himself while speaking with her. *See* R.C. 2907.09(B)(4).

{¶18} Although the younger sister did not actually see Yoho's penis, R.C. 2907.09(B)(4) only requires the State to prove an offender's conduct was "likely" to be viewed by the minor victim. There was testimony that the younger sister's pony was shorter than the older sister's horse. Only a few feet separated the two sisters as they traveled down the road. Accordingly, the jury reasonably could have concluded that Yoho already had his pants down when he approached the sisters and, but for the height difference between the pony and the horse, his penis also would have been visible to the younger sister. Yoho has not shown that his convictions are based on insufficient evidence. Accordingly, his first assignment of error is overruled.

ASSIGNMENT OF ERROR II

MR. YOHO'[S] CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE[.]

{¶19} In his second assignment of error, Yoho argues his convictions are against the manifest weight of the evidence. We disagree.

{¶20} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-

Ohio-3970, ¶ 26. This Court "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Warren*, 9th Dist. Summit No. 29455, 2020-Ohio-6990, ¶ 25, quoting *State v. Tolliver*, 9th Dist. Lorain No. 16CA010986, 2017-Ohio-4214, ¶ 15.

{¶21} Yoho argues his convictions are against the manifest weight of the evidence because the older sister and the younger sister gave inconsistent testimony. He notes that the younger sister never saw him engage in any suspicious conduct. He argues that, if anything, the fact that she was seated on a pony instead of a horse would have meant she was positioned even closer to him than the older sister. Further, he argues that the older sister's description of him masturbating was vague. According to Yoho, it is unclear whether she saw him touching his genitals or just assumed he was doing so. He notes that he was wearing shorts when the father stopped his car and spoke with him. He also notes that the father never said he saw any movement or behavior that would have been consistent with him (Yoho) pulling up his shorts while driving. Thus, he argues the jury lost its way by convicting him.

{¶22} Having reviewed the record, we cannot conclude that this is the exceptional case where the evidence weighs heavily against Yoho's convictions. *See Croghan*, 2019-Ohio-3970, at ¶ 26. The record does not support his contention that the older sister's testimony was vague. She specifically stated that Yoho was not wearing pants or underwear, she saw his penis, and she saw him touching his penis while they spoke. The fact that the younger sister did not see Yoho's penis does not mean the sisters gave inconsistent testimony. The older sister explained that she could see inside the car due to her heightened position on her horse. The two sisters, therefore, differed in their vantage points.

**{¶23}** Regarding Yoho's basketball shorts, there was testimony that he changed his seating position before the father stopped him. The father testified that, when he first observed Yoho driving past him, Yoho was slouched down so far in his seat that only his head was visible. The father did not immediately follow Yoho because he first stopped and spoke with his daughters. He testified that, by the time he stopped Yoho, Yoho was seated normally in his car and was no longer slouching. The jury reasonably could have concluded that Yoho changed his seating position because he adjusted his basketball shorts before the father stopped him. Yoho has not shown that the jury lost its way by convicting him. Accordingly, his second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRORED WHEN IT SENTENCED MR. YOHO [TO] 90 DAYS IN JAIL WHEN THE VERDICT FORM DID NOT LIST AGGRAVATING FACTORS OR LEVEL OF OFFENSE.

**{¶24}** In his third assignment of error, Yoho argues the trial court erred when it sentenced him to 90 days in jail on each of his counts. According to Yoho, his verdict forms did not comply with R.C. 2945.75(A)(2) and *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256. For the following reasons, we reject his argument.

**{¶25}** "[W]hen a defendant can be convicted of different degrees of the same offense, 'a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.'" *State v. Jones*, 9th Dist. Medina No. 17CA0070-M, 2019-Ohio-60, ¶ 19, quoting *Pelfrey* at syllabus. If a verdict form lacks the degree of the offense at issue or a finding on an aggravating element, "a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75(A)(2).

**{¶26}** Yoho argues the trial court erred when it sentenced him based on his having committed first-degree misdemeanors. He notes that his verdict forms did not contain the degree of his offenses or any aggravating elements. Thus, he claims he could only be convicted of fourth-degree misdemeanors. Upon review, this Court rejects Yoho's assignment of error.

**{¶27}** "R.C. 2945.75(A)(2) is inapplicable where a criminal statue contains multiple subsections and each subsection contains a separate and distinct set of elements." *State v. Binford*, 9th Dist. Summit No. 27950, 2016-Ohio-7678, ¶ 17. Yoho was only charged with violations of R.C. 2907.09(B)(4). That statute provides as follows:

> (B) No person shall knowingly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront another person who is in the person's physical proximity, who is a minor, and who is not the spouse of the offender:
>
> * * *
>
> (4) Expose the person's private parts with the purpose of personal sexual arousal or gratification or to lure the minor into sexual activity.

R.C. 2907.09(B)(4). A violation of subsection (B)(4) is a first-degree misdemeanor unless the offender has a prior conviction for public indecency. R.C. 2907.09(C)(5). If the offender has a prior conviction for public indecency, then a violation of R.C. 2907.09(B)(4) is a fifth-degree felony. *Id.*

**{¶28}** The State never claimed Yoho had a prior conviction for public indecency. He was found guilty of the least degree of the offenses for which he was charged (i.e., two first-degree misdemeanors). He was not convicted or sentenced of a higher-level offense based on any additional findings or enhancements beyond the base elements of his charged offenses. *Compare State v. Dardie*, 9th Dist. Summit No. 30168, 2023-Ohio-1656, ¶ 14-21 (sustaining challenge to verdict form where the form failed to include the additional finding that would have elevated the crime of failure to comply from a first-degree misdemeanor to a third-degree felony). While R.C.

2907.09 "does contain other subsections, [] each has their own separate elements." *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 35. Under these circumstances, R.C. 2945.75(A)(2) and *Pelfrey* do not apply. *See State v. Gordon*, 9th Dist. Summit No. 28191, 2017-Ohio-5796, ¶ 66-67; *State v. Binford*, 9th Dist. Summit No. 27950, 2016-Ohio-7678, ¶ 15-17. Accordingly, Yoho's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

> THE TRIAL COURT ERRED BY NOT MERGING TWO COUNTS FOR SENTENCING PURPOSES.

{¶29} In his fourth assignment of error, Yoho argues the trial court erred when it failed to merge his convictions for sentencing. We reject his argument.

{¶30} "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error * * *." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. A forfeited error will result in a reversal only if it "affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.* A defendant who forfeits an allied offense argument "has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus * * *." *Id.* This Court will not develop a plain error argument on an appellant's behalf. *State v. Clark*, 9th Dist. Medina No. 20CA0020-M, 2021-Ohio-3397, ¶ 20.

{¶31} The record reflects that Yoho did not raise an allied offense argument at trial. Nor has he argued plain error on appeal. "This Court will not develop [a plain error argument] for him as it is his burden on appeal to demonstrate 'a reasonable probability' that his convictions are in fact for allied offenses." *Id.* at ¶ 20, quoting *Rogers* at ¶ 3. Accordingly, his fourth assignment of error is overruled.

III.

{¶32} Yoho's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and BRIANNA DIETRY, Assistant Prosecuting Attorney, for Appellee.