[Cite as *State v. Prothro*, 2026-Ohio-704.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2025CA0025-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM PROTHRO | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2024CR0619 |

## DECISION AND JOURNAL ENTRY

Dated: March 2, 2026

HENSAL, Presiding Judge.

{¶1}    William Prothro appeals his conviction by the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}    Mr. Prothro pleaded guilty to identity fraud, attempted theft from a person in a protected class, identity fraud against a person in a protected class, attempted grand theft, and engaging in a pattern of corrupt activity.  The charges that he pleaded guilty to involved two victims.  The trial court found him guilty and sentenced him to concurrent prison terms on each count for a total term of four to six years imprisonment.  Mr. Prothro appealed, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADDRESS AND ENSURE THE VICTIM'S CONSTITUTIONAL RIGHTS

DURING THE SENTENCING HEARING AS MANDATED BY OHIO CONSTITUTION ARTICLE I, SECTION 10A, COMMONLY KNOWN AS MARSY'S LAW.

{¶3} Mr. Prothro's first assignment of error argues that the trial court erred by failing to address the victims' rights arising under Marsy's Law during sentencing.

{¶4} Marsy's Law, codified in Article 1, Section 10a(A)(3), of the Ohio Constitution, grants victims of crime the right "to be heard in any public proceeding involving . . . sentencing . . . ." The rights guaranteed to victims, including the right to be heard at sentencing, may be asserted by "[t]he victim, the attorney for the government upon request of the victim, or the victim's other lawful representative . . . ." Ohio Constitution, Article 1, §10a(B). *See also* R.C. 2930.19(A)(1) (identifying the individuals who have standing to assert rights on behalf of a victim). "If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition." *Id*. *See also* R.C. 2930.19(A)(2)(b)(i).

{¶5} A defendant cannot raise the failure to afford a right to a victim in an assignment of error on appeal "in any legal argument to provide an advantage to that defendant . . . ." R.C. 2930.19(F). Mr. Prothro has argued the record of sentencing is silent on the victims' rights, and because "the victim has the right to be . . . present to ask for leniency," his own rights are implicated as a result. Under Revised Code Section 2930.19(F), however, Mr. Prothro cannot assert the victims' rights "in any legal argument to provide an advantage" to himself. Mr. Prothro's first assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO MERGE COUNT 5, ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, WITH THE PREDICATE OFFENSES IN COUNTS 1, 2, 3, AND 4, IN VIOLATION OF R.C. 2941.25.

{¶6}   Mr. Prothro's second assignment of error argues that the trial court erred by failing to merge his conviction for engaging in a pattern of corrupt activity with his other convictions for purposes of sentencing.

{¶7}   "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error . . . ." *State v. Rogers*, 2015-Ohio-2459, ¶ 3.  To establish plain error, an appellant must demonstrate three things: "that 'an error occurred, that the error was obvious, and that there is a reasonable probability that the error resulted in prejudice,'" *State v. Bailey*, 2022-Ohio-4407, ¶ 8, quoting *State v. McAlpin*, 2022-Ohio-1567, ¶ 66.  Under these circumstances, "intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice."  *Id.* at ¶ 8.  When an appellant forfeits an allied-offense argument and fails to argue plain error on appeal, this Court will not develop an argument on his behalf.  *State v. Yoho*, 2024-Ohio-1725, ¶ 30 (9th Dist.).

{¶8}   Mr. Prothro did not raise the issue of allied offenses in the trial court, so he has forfeited all but plain error on appeal.  *See Rogers* at ¶ 3.  He has not developed a plain-error argument, however, and this Court declines to develop one on his behalf.  *See Yoho* at ¶ 30.  Mr. Prothro's second assignment of error is overruled.

III.

{¶9}   Mr. Prothro's assignments of error are overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.